UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ANTHONY LIETURE MOORE,**

    Petitioner,

v.                                               **Case No. 6:11-cv-27-Orl-35KRS**

**SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,**

    Respondents.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254; however, Petitioner previously filed Case No. 6:03-cv-1103-Orl-19KRS, which was dismissed with prejudice as untimely on March 23, 2004. Thus, the present habeas petition is a second or successive application.[1] Before Petitioner will be permitted to file a second or successive habeas corpus application in this Court, he must move in the Eleventh Circuit Court of Appeals for an order authorizing the district court to consider the application. *See* 28 U.S.C. § 2244(b)(3)(A).

Petitioner's failure to obtain authorization from the Eleventh Circuit Court of Appeals operates as a jurisdictional bar that precludes this Court from considering the instant federal habeas petition. *See Hubbard v. Campbell*, 379 F.3d 1245, 1246-47 (11th Cir. 2004) (noting that a district court lacks subject matter jurisdiction to consider a second or successive petition when a petitioner fails to obtain authorization from the appellate court

---

[1] The instant habeas corpus petition attacks the same July 10, 1997 convictions and sentences that Petitioner challenged in Case No. 6:03-cv-1103-Orl-19KRS.

to file such a petition). Because Petitioner did not have the requisite permission at the time he initiated this action, a stay of the action should not be granted. *Gibbs v. McDonough*, No. 5:06-cr-131/MCR/MD, 2006 WL 3804723, at *2 (N.D. Fla. Dec. 22, 2006) (denying a motion to stay and dismissing a second or successive federal habeas petition without prejudice because authorization must be obtained *before* a second or successive habeas corpus application is filed). Thus, Petitioner's motion to stay is denied. Consequently, this case will be dismissed without prejudice to allow Petitioner the opportunity to seek authorization from the Eleventh Circuit Court of Appeals.

Petitioner should be aware that § 2244(b)(2) limits the circumstances under which the Court of Appeals will authorize the filing of a second or successive habeas corpus petition. Furthermore, 28 U.S.C. § 2244(d) imposes a time limitation on the filing of a habeas corpus petition. Petitioner, in seeking relief in the Court of Appeals, should be cognizant of both these provisions.

Accordingly, it is now **ORDERED AND ADJUDGED**:

1. Petitioner's motion to stay (Doc. No. 11) is **DENIED**.

2. This case is hereby **DISMISSED** without prejudice.

3. The Clerk of the Court is directed to close this case and to send Petitioner an "Application for Leave to File a Second or Successive Habeas Corpus Petition 28 U.S.C. § 2244(b) By a Prisoner in State Custody" form.

**DONE AND ORDERED** at Orlando, Florida, this 20th day of July, 2011.

Copies to:
OrlP-3 7/19
Counsel of Record
Anthony Lieture Moore

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

2